33 C.C.P.A. (Patents)

### FRIDOLPH v. BECHIK.
#### Patent Appeals No. 5119.

Court of Customs and Patent Appeals.

March 6, 1946.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich. (John M. Kisselle and Robert A. Choate, both of Detroit, Mich., of counsel), for appellant.

Merchant & Merchant, of Minneapolis, Minn. (Ralph F. Merchant, of Minneapolis, Minn., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal in an interference proceeding involves an application of appellant, Serial No. 317,797, filed February 8, 1940, and a patent to appellee, 2,248,328, dated July 8, 1941 upon an application filed May 19, 1939.

The Board of Interference Examiners of the United States Patent Office awarded priority of invention of the subject matter of six counts to appellee, in whose patent they originated. Count 2 is illustrative of the subject matter and reads as follows: "2. A handle for mattress walls comprising, a relatively stiff normally flat flexible reinforcing means overlying the inner surface of the mattress wall, a pair of spaced grommets extending through the mattress wall and said reinforcing means, a flexible handle overlying the outer surface of the mattress wall between said spaced grommets, and means on the ends of said handle detachably anchoring said handle within the mattress wall, said reinforcing bar flexing to permit attachment of said handle."

The invention relates to handle assemblies, adapted to be used in mattresses, comprising a resilient back plate on the inside surface of the side of the mattress secured thereto by means of grommets. A handle of cord or other flexible material is provided with detachable anchoring means on the ends thereof designed to pass through the grommets, capable of being secured to the mattress after its assembly has been otherwise completed. The handle means is held taut against the surface of the mattress by the resilience of the back plate.

Both parties took testimony and many exhibits were introduced.

It was contended by appellant before the board that two assemblies, known as exhibits 1 and 5, were made, applied to mattresses, and shown to the Simmons Company, a manufacturer of mattresses, in 1937. Exhibit 1 meets all the limitations of

the counts, and differs from exhibit 5 in that the back plate is resilient steel while that of exhibit 5 is brass. The time fixed for the making of those exhibits was supported by display books made in that year. The board held the evidence on the part of appellant sufficient to establish the existence of those exhibits or articles identical therewith in 1937, and awarded conception as of that date, but held appellant had not established actual reduction to practice prior to February 8, 1940, her filing date, by reason of inadequate corroborating testimony, and therefore that she should be held to that date for a constructive reduction to practice.

Appellee showed that he had conceived the invention and made assemblies corresponding to the limitations of the counts in 1938. Here also the board held there had not been sufficient proof of actual reduction to practice, and he was restricted to his filing date, May 19, 1939, for constructive reduction to practice.

Appellant testified that her assemblies were tested by pulling, by turning the mattress over, and by carrying it. However, her only corroborating witness with respect to tests did not say that any mattress was actually ever lifted or turned over by using assemblies such as exhibits 1 and 5.

Exhibits such as those, while displayed to the Simmons Company, were never adopted by it, and were said to be unsatisfactory by appellant's corroborating witness in that the flat fabric portion of the handle on the outside of the mattress wrinkled. This would seem to indicate that the back bar was not resilient or the fabric would be pulled taut. It is obvious that if it were so pulled no wrinkles would appear.

While the device itself is simple, and no extensive tests would be necessary in order to show actual reduction to practice, we think, as did the board, that the lack of proof by the corroborating witness for appellant that the assemblies were actually used in the operation for which they were designed is fatal to appellant's case.

It appears in the record that appellant was producing handles such as exhibits 1 and 5 commercially in England in 1938. This cannot be considered as proof of reduction to practice or of diligence, and is so conceded by appellant. No showing of diligence appears on the part of appellant in reducing her invention to practice in this country between at or shortly before the time appellee entered the field and the date of filing her application.

During the direct examination of appellee, a certified copy of the file wrapper and contents of a British patent No. 526,-411, granted December 12, 1940 to appellant relating to mattress handle assemblies, was introduced in evidence as one of appellee's exhibits to show that there was no disclosure of a "flexible or resilient back bar" as required by the counts. It appears from that exhibit that the provisional specification was filed February 8, 1939. The board in its decision made no reference thereto, and appellant in her reasons of appeal alleges error in the failure of the board to credit her with the filing date of that specification.

There is nothing in the record to indicate that appellant at any time relied upon her British specification. We think that, if she believed she was entitled to the date thereof, a motion to shift the burden of proof would have been made, or at least that the provisional specification would have been introduced in evidence by her or notice of her reliance thereon given to appellee under the provisions of Rule 154 (e), 35 U.S.C.A.Appendix, none of which was done.

We cannot tell from the record whether or not appellant contended below that she was entitled to her British date. It is not so argued in the brief. Even if she did so contend an examination of the provisional specification convinces us that she had no idea of a back bar in her mattress handle assembly at the time that specification was filed except one that was "rigid." Clearly that specification does not even hint, much less disclose, that limitation of the counts. Therefore, we are of opinion that there was no error in the omission of the board to discuss that contention, if it had been made before it.

It is not necessary to discuss appellee's proofs since his filing date is prior to that of appellant.

The decision of the Board of Interference Examiners is affirmed.

Affirmed.