**36 C.C.P.A.(Patents)**

### GRAY v. FORTUNATO.
### Patent Appeals No. 5614.

United States Court of Customs and
Patent Appeals.
June 28, 1949.

Albert L. Ely, Bernard C. Frye, and Ely & Frye, Akron, Ohio, for appellant.

Franklin E. Quale and Cromwell, Greist & Warden, Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JOHNSON, Associate Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention to appellee.

The subject matter of the interference is defined in a single count which reads as follows:

"A carrier formed from a foldable paperboard blank, scored and cut to provide a handle portion, a pair of upwardly extending and oppositely disposed side panels, a bottom panel connecting the bottom edges of the side panels and a substantially straight retaining element located adjacent each free edge portion of the bottom panel, each retaining element being formed of material of the blank and extending across the bottom panel to the side panels and terminating along diagonal fold lines extending downwardly and outwardly in the side panels whereby each retaining element is adapted to swing outwardly into a plane at a right angle to the bottom panel, for en-

gaging flatly against the sides of an article held by the carrier."

Both parties concede that the count reads on both applications and that appellant was first to conceive the invention. The issue here presented is whether appellant reduced the invention to practice prior to appellee's constructive reduction to practice by filing his application. Appellant has conceded that the evidence does not show diligence on his part during the critical period.

The applications here involved are appellant's application, Serial No. 322,129, filed March 4, 1940, and appellee's application, Serial No. 479,887, filed March 20, 1943, which was substituted as a division or continuation of the joint application of appellee and Charles J. Bacon, Serial No. 275,792, filed May 26, 1939.

The count in issue is claim 1 of appellee's application. Appellant has taken testimony and introduced several exhibits. Appellee took no testimony but has relied upon the filing date of the above-mentioned joint application of May 26, 1939, for both conception and reduction to practice. Both parties have filed briefs and were represented by counsel at final hearings.

■ Upon appellant, the junior party, rests the burden of proof.

The invention here in issue is described by appellant in his specification as follows:

"The chief objects of the invention are to provide a carrier of the character mentioned that may be manufactured, stored, and shipped in flat, knockdown form yet which readily may be folded to shape for use; to provide a carrier of the character mentioned that includes bottom, sides, and end members, and a hand-grip arrangement at the top of the carrier that secures the opposite sides to each other; to provide a carrier of the character mentioned with simple means for engaging the necks of the bottles to steady the same; and to provide a carrier of the character mentioned that may be made from the minimum amount of material, the production of which entails the minimum of waste material."

The testimony discloses that appellant was attempting to produce a carrier that would be satisfactory to the Coca Cola Bottling Corporation, Cincinnati, Ohio, for carrying bottles of Coca Cola, and that among other things "it would have to be a container that would not only hold six bottles but four bottles or any number of bottles, so that if it wasn't completely packed, that the bottles wouldn't slide out at the end." The testimony does not show any test of the carrier having been made in which less than six bottles were used.

■ Appellant contends that

" * * * the count in issue does not state that the carrier has to carry bottles. The word 'bottle' is not found in the count. The broader term 'article' is used in the count."

and that

" * * * the carrier in issue is such a simple device that the mere making of it as exemplified in Exhibit 3 shows that it will carry articles and that no test is necessary to establish a reduction to practice."

However, we think, as did the board, that the carrier in issue is a device requiring a test to establish an actual reduction to practice. See Fridolph v. Bechik, 154 F.2d 198, 33 C.C.P.A., Patents, 940.

■ The board held that the appellant had not established actual reduction to practice prior to March 4, 1940, his filing date, by reason of the lack of sufficient tests of the carrier and because the tests made failed to show the carrier to be satisfactory for the purpose intended, and therefore that appellant should be held to the March 4, 1940, date for a constructive reduction to practice.

For a reduction to practice, appellant relies upon a carrier identified as Exhibit 3 which he made and showed to Mr. W. O. Mashburn, Jr., President of the Coca Cola Bottling Corporation, Cincinnati, Ohio, sometime before the end of the spring of 1938.

The testimony discloses that appellant took the carrier (Exhibit 3) in issue to Mr. Mashburn; that Mr. Mashburn attempted to fold the carrier into position for carrying bottles, but was unable to do so; that appellant then folded it into position for carrying bottles, and that Mr. Mashburn "carried it around and showed it to other members of his organization who were

present to show them that it actually carried bottles"; that the carrier had to be opened up to get out the bottles; that the handle portion of the carrier was on the side and that it was "hard to carry" and "unbalanced to carry"; and that it was so hard to carry and so unbalanced that it was proposed that the handle be not used, but that it be carried like a purse with the hand underneath supporting it with the arms. Mr. Mashburn testified that "it is much harder to work on a production line. We couldn't work it on a production line and do it in that manner," and that "if we couldn't get it together, we didn't think that our dealers could get it together or the public could get it together." There is no evidence of any test having been made involving articles other than bottles.

Exhibit 3, which was displayed to and tested by Mr. Mashburn, was rejected by him as not being satisfactory.

There is no testimony that the handle and enclosure arrangement of the carrier (Exhibit 3) was ever used after the test by Mr. Mashburn, and they are not shown in appellant's application. Appellant continued to work on the development of a satisfactory carrier, but no sufficient tests were ever made of any of appellant's later models of the carriers involved in his application.

The board held that the carrier

"* * * has not been shown to have been subjected to tests which correspond to what it would be subjected to in actual use or to tests showing that it satisfactorily met the desired object of carrying less than the full number of bottles. It was "hard to carry" and the manner of assembling it puzzled experts. It was rejected by Mr. Mashburn. Except for its use as a door stop, nothing further appears to have been done with this particular type of carrier. Later end strap carriers departed from the unsatisfactory assembly and handle arrangements of Exhibit 3. For these various reasons, we hold that the evidence concerning Exhibit 3 does not establish an actual reduction to practice."

We have examined the record and have carefully considered appellant's brief and the argument of counsel, but are not convinced that the board committed error in its decision.

The decision of the Board of Interference Examiners is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.